## GUARDIANSHIP.

[Common Pleas Court of Summit County.]

### IN RE GUARDIANSHIP OF ELIAS BREITENSTEIN.

Decided, August 16, 1906.

*Guardian—Finding of Necessity for Appointment of—Not a Final Order—And not Appealable—Section C407, Relating to Appeals.*

Application was made to the probate court for the appointment of a guardian for Elias Breitenstein; the court, on hearing, entered on the record its finding and decision that due notice of said application had been given, that said Elias Breitenstein was a resident of the county and was an imbecile, and that it was necessary to appoint a guardian for him; but no guardian was appointed, and no further order was made by the court.

*Held:* Elias Breitenstein is not entitled to appeal from such finding or decision of the probate court.

WASHBURN, J.

John Breitenstein made application to the Probate Court of Summit County for the appointment of a guardian for the person and estate of Elias Breitenstein; notice was given and hearing had, and the journal entry showing the action taken by the probate court is as follows:

"This day this matter came on to be heard on the application of John Breitenstein for the appointment of a guardian for the person and estate of Elias Breitenstein, a resident of Franklin township, in said county, on the ground that he is an imbecile, and was submitted to the court on the evidence; on consideration whereof the court find that said Elias Breitenstein and all his next of kin resident of said county, have had due notice of the pendency and prayer of said application according to law and our former order. The court further find from the evidence that said Elias Breitenstein is an imbecile, and that by reason thereof he is incapable of caring for his person and estate; to all of said finding said Elias Breitenstein, by his attorneys, does here and now except. Thereupon came the said Elias Breitenstein and filed his written motion in this court for a new trial. Thereupon this matter came on to be heard on said motion and the evidence, and was submitted to the court; on consideration whereof the court overrules said motion, to which order said Elias Breitenstein excepts, and gives notice of his intention to appeal this matter to the common pleas court of

said county, for which purpose bond is fixed at the sum of $200. Thereupon came said Elias Breitenstein and filed his appeal bond herein in the sum of $200 with Mary Arter and Thomas Baugman as sureties thereon, to the approval of the court. It is therefore by the court ordered that a transcript of the docket and journal entries herein, together with the original papers filed in this matter, be duly certified together for the purposes of filing in the court of common pleas of said county.''

The cause has been submitted to this court on motion to dismiss said appeal, on the ground that the action of the probate court was not such an order, decision or decree as is appealable. The statute, Section 6407, provides that:·

''Appeals may be taken to the court of common pleas, from any order, decision or judgment of the probate court,  *  *  * in proceedings· to appoint guardians for imbeciles,  *  *  * by any person against whom such order, decision or decree shall be made, or who may be affected thereby.''

The ''order, decision or judgment'' referred to in this statute means a final order, decision or judgment, and although it is difficult to always determine just what orders, decisions and judgments are final, the policy of the law seems to be to prevent delays and interruptions in proceedings in probate court, by permitting appeals from only such orders, decisions and judgments as are plainly final in their character. 31 O. S., 201; 34 O. S., 280.

In the opinion of the Supreme Court in the 34 O. S., at page 288, the following language is used:

''And we believe that it may be stated as a general rule, that an order to be appealable, must affect property rights and not merely the administration of the trust.''

The property rights of Elias Breitenstein were not affected by the action taken by the probate court in the case at bar; until a guardian was duly appointed there could be no interference with or control of his property or person. The action of the probate court gave no one authority to take possession of his property, collect or pay his debts, provide for his support, or bring or defend suits for him. All of these things a guardian duly appointed could do.

Not only does the action taken by the probate court fail to affect the property rights of Elias Breitenstein, but a careful

reading of the journal entry of the probate court in question, shows that the order made by the probate court, if it can be said there was any order at all made, falls far short of being a final order; it is more in the nature of a finding of fact, which gave the court jurisdiction and authority to make a final order|

The law did not even require the probate court to enter on the record the finding that said Elias Breitenstein was an imbecile and that it was necessary to appoint a guardian for him. That is according to the approved practice and is quite proper.

But, strictly speaking, while the law required the probate court to find these facts before a guardian could be legally appointed, it did not require the probate court to make a record of such finding.

As was said in the 16th O. S., at page 465: The law requires the probate court to keep a record

"which shall contain an entry of the appointment of executors, administrators and guardians, and all partial and final accounts of executors, administrators and guardians, and the orders and proceedings of the court thereon.

"Whilst the statute requires the record to contain 'an entry of the appointment' of all guardians, it nowhere requires that the record shall show the existence of a state of facts such as to warrant the exercise of its authority, or the evidence upon which the court relied in making the appointment. Nor does any rule of law require this of such a court."

In this same case, at page 466, the court speaks of the order of appointment as being the "final order," in a proceeding for the appointment of a guardian:

"All questions necessarily arising in the case, become *res adjudicata*, by the final order of appointment, which binds all the world, until set aside or reversed by a direct proceeding for that purpose."

It seems to me that the order made by the probate court in this case at bar is not such an order as is appealable, and the appeal will therefore be dismissed.

*G. M. Anderson*, for applicant.

*Kohler & Mollinger*, for Elias Breitenstein.